UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Toua T., | Civ. No. 18-3088 (SRN/BRT) |
| Petitioner, | |
| v. | |
| Kirstjen Nielsen, Secretary, Department of Homeland Security, et al., | REPORT AND RECOMMENDATION |
| Respondents. | |

Toua T., *pro se* Petitioner.

Ana H. Vos, Esq., Assistant United States Attorney, counsel for Respondents.

BECKY R. THORSON, United States Magistrate Judge.

On October 31, 2018, Petitioner Toua T. filed a petition for a writ of habeas corpus challenging his detention by Immigration and Customs Enforcement ("ICE") pending his removal to Vietnam. (Doc. No. 1.) Petitioner, however, was ordered released from ICE custody on October 30, 2018. (Doc. No. 7, Declaration of Ana H. Voss ("Voss Decl."), Ex. 1.)

Courts in this district have generally held that release from custody pending removal moots a habeas petition challenging that custody. *See, e.g.*, *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (finding a habeas petition moot after petitioner was released from ICE custody pending removal because if the Court "granted every bit of the relief" sought in the petition, the petitioner

"would find himself in *precisely* the situation in which he already finds himself"). Release does not "automatically" cause the petition to become moot, however, and there are four potential exceptions to the mootness doctrine: (1) secondary or collateral injuries survive after resolution of the primary injury, (2) the issue is deemed capable of repetition yet evading review, (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time, or (4) it is a properly certified class action suit. *Mohamed v. Lynch*, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, at *3 (D. Minn. Jan. 26, 2016).

For the first exception to apply, there must be "some concrete and continuing injury other than the now-ended incarceration" or a "collateral consequence of the conviction" still at issue. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Petitioner has not identified any such consequences.[1] Petitioner was released subject to conditions (*see* Voss Decl., Ex. 1), but those conditions are consequences of his removal order, not his detention, which has now ended. *See Kargbo*, 2016 WL 3676162, at *2; *see also Mohamed*, 2016 WL 563164, at *3 ("[C]onditions of release are actually collateral to the original uncontested order of removal rather than the allegedly unlawful detention."). This action challenges Petitioner's now-expired detention, not his removal order.

The second exception, "capable of repetition, yet evading review," is limited to circumstances in which (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation

---

[1]     Plaintiff did not file a reply in support of his petition following his release.

that the same complaining party would be subject to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). While Petitioner's detention ended before it could be litigated, there is nothing in the record to suggest that ICE will again subject Petitioner to pre-removal detention. *Mohamed*, 2016 WL 563164, at *3. Even if that circumstance could be considered likely to occur, any future detention "will not be a 'repeat'" of the previous detention; "it will be a different type of detention that will be based on a different justification." *Kargbo*, 2016 WL 3767162, at *2. Since the challenge to any future detention would present different issues, the issues presented by the previous detention are not capable of repetition, yet evading review. For similar reasons, the third exception, when the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time, is also inapplicable. Even if, as noted, Petitioner were taken into custody once again, "that detention would be [allegedly] illegal for different factual and legal reasons" than before. *Id.*[2]

For the foregoing reasons, this action is moot, and none of the exceptions to mootness are applicable.

## RECOMMENDATION

Based on the foregoing, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Motion to Grant a Writ of Habeas Corpus (Doc. No. 1) be **DENIED**;

---

[2]  The fourth exception is inapplicable because this is not a class action lawsuit.

2. This action be **DISMISSED** without prejudice; and

3. Judgment be entered accordingly.

Date: January 3, 2019         *s/ Becky R. Thorson*_____
                              BECKY R. THORSON
                              United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).